## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ADVANCED MARKETING | ) | |
| SERVICES, INC., et al. | ) | Case No. 06-11480 (CSS) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| CURTIS R. SMITH, PLAN | ) | |
| ADMINISTRATOR OF ADVANCED | ) | |
| MARKETING SERVICES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No.08-51896 (CSS) |
| v. | ) | Related Adv. Doc. No. 21 |
| | ) | |
| PAC INTERNATIONAL LOGISTICS | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION[1]

| | |
|---|---|
| STARK & STARK, P.C. | WHITEFORD TAYLOR PRESTON LLC |
| John R. Weaver, Jr. | Thomas J. Francella |
| Jeffrey S. Posta | 1220 N. Market Street |
| P.O. Box 510 | Suite 608 |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| | |
| Counsel for Select AirCargo | Counsel for Curtis R. Smith, Plan |
| Services, Inc., d/b/a PAC | Administrator of Advanced Marketing |
| International Logistics Company | Services, Inc. |

Dated: April 5, 2011

Sontchi, J. _____

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of

## INTRODUCTION

The Plaintiff (as defined below) filed this adversary proceeding against "PAC International Logistics Company" and obtained a default judgment. Subsequently, the adversary proceeding was closed. "PAC International Logistics Company" ("PAC") is a "doing business as" name for Select AirCargo Services, Inc. ("Select AirCargo"). PAC is not a corporation, has no officers, directors nor registered agent. Thereafter, the Plaintiff registered the default judgment in the United States District Court for the Central District of California (the "California Action") and attempted to levy upon bank accounts held in the name of Select AirCargo. Select AirCargo claims that the notice received in the California Action was the first notice that Select AirCargo had of the adversary proceeding. Select AirCargo has now filed a motion seeking to re-open the adversary proceeding and vacate the default judgment[2] claiming that it did not receive adequate service of the adversary proceeding, and if the Court finds that select AirCargo did receive proper service, because cause exists to reopen the adversary and vacate the default and default judgment. The Court finds that service on the registered fictitious name is in fact proper service on Select AirCargo and that cause does not exist to vacate the default judgment because Select AirCargo has not presented facts in support of a meritorious defense and because the default and

---

[2] In support of its Motion, Select AirCargo filed the certification of Doris Leung, custodian of records and authorized agent of Select AirCargo (the "Leung Declaration"); and the certification of Tappan Zee, Esq., counsel for Select AirCargo. *See* Adv. D.I. 21.

2

default judgment are a result of Select AirCargo's culpable conduct in ignoring numerous pleadings served upon it.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (H).

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    Factual History**

*i.    The Parties*

**a.  The Plaintiff**

On December 29, 2006, Advanced Marketing Services, Inc., *et al.* (collectively, "AMS") filed voluntary petitions for bankruptcy in this Court. On November 15, 2007, the Court entered an order confirming *Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors*[3] wherein Curtis R. Smith (the "Plan Administrator" or "Plaintiff") was designated Plan Administrator.[4]

**b.  The Defendant**

Select AirCargo, d/b/a PAC, (the "Defendant") provides freight forwarding services to a variety of clients, including AMS at one time. Select AirCargo is a California corporation. The registered business address for PAC and Select

---

[3] *Order Confirming the Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (D.I. 1591).

[4] *Id.* at ¶¶N, U and 11; *see also Notice of Designation of Plan Administrator and Filing of Plan Administrator Agreement* (D.I. 1552).

AirCargo (collectively, the "Judgment Debtors") is identical.   PAC is not a business entity, but merely a fictitious business name used by Select AirCargo.   PAC does not have any officers, directors nor a registered agent.

Select AirCargo received notice of AMS's bankruptcy and states in its papers that it received notice of the adversary proceeding but "failed to monitor the correspondence it received" and that the "pleadings in the adversary proceeding were confused with documents from the underlying bankruptcy case."[5]

### ii.   Proof of Claim

In July, 2007, Defendant filed a proof of claim in the debtors' bankruptcy cases.[6]  The proof of claim reflects the creditor's name as "PAC International Logistics Company."[7]   The proof of claim was signed and dated by the Judgment Debtors' counsel, Tappan Zee, Esq.  PAC later assigned its claim to Amroc Investments, LLC, again assigning the claim under the name "PAC International Logistics, Inc."[8]

### iii.   Procedural History of Adversary Action

Plaintiff initiated the adversary proceeding by complaint filed in December 2008, seeking to avoid certain preference transfers made to the defendants pursuant to 11 U.S.C. §§547(b), 502  and 502(d).[9]  Thereafter, the defendant was served

---

[5]  Def. Motion, p. 10.

[6]  *But see* Leung Dec at ¶4 ("Because Select AirCargo continued to be paid for its services in the ordinary course of business, Select AirCargo did not pursue any claim as a creditor of AMS in the bankruptcy proceeding."); *see also* Def. Motion, p. 4.

[7]  The proof of claim has been identified by the Debtor as claim no. 866.

[8]  D.I. 1369.  The assignment of claim was executed by Ms. Leung. *Id.*

[9]  Adv. D.I. 1.

with a summons and notice of pretrial conference.[10]  The defendant's answer was due

on or about January 28, 2009.  As no responsive pleading was filed or received, Plaintiff

filed a request for entry of default and a request for entry of default judgment.[11]  On

February 23, 2009, an order for default and a default judgment were entered by the

Clerk of Court.[12]  The Defendant was served with the notice of the entry of default and

the default judgment via first class mail.[13]  The adversary proceeding was thereafter

closed.

In April, 2010, the Plaintiff filed a Certification of Judgment for

Registration in the United States District Court for the Central District of California.[14]

In April, 2010, a Writ of Execution was issued against PAC.[15]  In August, 2010, an Alias

Write of Execution was issued.[16]  In November, 2010, the United States Marshal's Office

levied approximately $77,000 from bank accounts belonging to Judgment Debtors.  In

response to the levy, Judgment Debtors returned three Claims of Exemption to

Plaintiff's Writ of Execution to the United States Marshal's Office.[17]  In December, 2010,

Plaintiff filed a Motion for Order to Determine Claims of Exemptions.[18]  Thereafter,

---

[10]  Adv. D.I. 3.

[11]  Adv. D.I. 12 and 13.

[12]  Adv. D.I. 14 and 15.

[13]  *See* Adv. D.I. 18.

[14]  C.D. Cal. D.I. 1.

[15]  C.D. Cal. D.I. 2.

[16]  *Id.*

[17]  C.D. Cal. D.I. 9.

[18]  C.D. Cal. D.I. 10.

PAC filed a Motion to Set Aside the Default Judgment entered against PAC in the Delaware adversary proceeding.[19]  By Order dated January 4, 2011, Defendant's Motion to Set Aside was stricken and Plaintiff's motion was stayed to allow the Defendant to pursue relief in this Court.[20]

## ANALYSIS

**A.    The Court Has Jurisdiction Over Select AirCargo, As Select AirCargo Was Properly Served With The Complaint And Other Documents Served In The Adversary Proceeding.**

Select AirCargo argues because PAC is not a recognized legal entity, the Court was without power to enter a judgment against it.  Select AirCargo claims that the service deficiency renders any subsequent proceeding, including the default judgment, void.  As PAC is not an entity capable of being sued, and Select AirCargo was never served, Select AirCargo was deprived of their due process rights.  Select AirCargo continues that because *in personam* jurisdiction was never effectuated, the Court lacked personal jurisdiction over Select AirCargo and, as a result, the default judgment is void.

The Plaintiff responds that as PAC was not a distinct entity from Select AirCargo that service on PAC was, in fact, service on Select AirCargo.  Plaintiff asserts that Select AirCargo is attempting to reap the benefits of the fictitious name provisions of California law, such as registration with the State of California and the regular use of a fictitious business name, without also assuming the burdens thereof.  Plaintiff also

---

[19] C.D. Cal. D.I. 12.

[20] C.D. Cal. D.I. 18.

relies on the PAC proof of claim and assignment thereof which both list the creditor's name as "PAC."  Lastly, Plaintiff responds that California law allows for liberal post-judgment amendment in order to correct the name of a fictitious entity.

Select AirCargo replies that an unincorporated division of a legal entity has no legal existence or independent legal identity and does not have the capacity to be a party in any legal proceeding.  As such, service on or a judgment against PAC, a fictitious business name, is simply void.

The Court finds that Select AirCargo was properly served.  The business address for PAC and Select AirCargo are identical.  Furthermore, under California law and in the Court's judgment, correspondence to PAC is, in fact, correspondence to Select AirCargo:

> Where a person or corporation elects to follow the statutory procedure of section 17900 *et seq.* of the [California] Business and Professions Code, it has held itself out to those with whom it does business as having adopted that name for all business purposes. Notice to it under that name is all that the law requires. But while a corporation may be sued by its fictitious business name, once its true name is discovered, all further proceedings should be in the corporate name.[21]

---

[21] *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1349 (Cal. App. 4th Dist. 1996) (*citing* Code Civ. Proc., § 474; *see* 1 Ballantine & Sterling, Cal. Corporation Law (4th ed. 1996) § 49.04, pp. 3-50.8 to 3-52.) (quotations omitted); *see also Billings v. Edwards*, 91 Cal. App. 3d 826, 831 n. 1 (Cal. App. 2d Dist. 1979) ("[W]here a person or corporation elects to follow the statutory procedure of section 17900 *et seq.* of the Business and Professions Code, it has held itself out to those with whom it does business as having adopted that name for all business purposes. Notice to it under that name is all that the law requires.").

Select AirCargo sets forth the following example of why default and default judgment

against PAC is improper:

> If a plaintiff sued "Mark Twain" for money damages, and
> Samuel Clemens appeared in court, explained "Mark
> Twain" was the fictitious name he used for publishing
> purposes, responded to the complaint as Samuel Clemens,
> and obtained Samuel Clemens's dismissal from the case,
> could the plaintiff then continue to pursue the action against
> "Mark Twain"?  Of course not!  By the same token, we hold
> here that if a plaintiff sues a corporation by the fictitious
> business name it uses, and the corporation appears,
> responds to the complaint in its corporate name, and obtains
> a dismissal, the plaintiffs cannot then obtain a default
> judgment against the fictitious business name as a legally
> distinct entity.[22]

Select AirCargo likens itself to "Samuel Clemens" in this example, reiterating that PAC

("Mark Twain") is not a legally distinct entity concluding that a judgment against Mark

Twain (and PAC) is void and without legal effect against Samuel Clemens (and Select

AirCargo).  However, Select AirCargo's example falls short.  Here, the Plaintiff is not

seeking a default and default judgment against *both* Select AirCargo *and* PAC.  Plaintiff

is seeking default and default judgment against PAC, which is, in fact, Select AirCargo.

Furthermore, the facts in *Pinkerton's* confirm the Court's conclusion that

service of the adversary proceeding documents on PAC was proper service on Select

AirCargo.  In *Pinkerton*, the plaintiffs filed suit against a fictitious name DBA and the

corporate entity.[23]  The *Pinkerton* plaintiffs then dismissed the corporate entity.[24]  The

---

[22] *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1343-1344 (Cal. App. 4th Dist. 1996).

[23] *Id.* at 1344.

[24] *Id.* at 1345-46.

Court held that as the business name was a fiction, so too was any implication that the business is a separate entity from its owner.[25]  The Court held that once the legal entity had been dismissed, the plaintiffs could not proceed against a fictitious business name and as such the default against the fictitious business name was improper and had no legal effect.[26]  Thus the court concluded that insomuch as the case had been dismissed against the legal entity, the action against it in both its corporate name *and* its fictitious business name must also be dismissed.[27]

The *Pinkerton's* case is distinguishable and consistent with the Court's ruling.  Here, the Plaintiff did not file suit against both PAC and Select AirCargo, but only against PAC; further, Select AirCargo was never dismissed from the adversary proceeding.  Here, Plaintiff filed suit against PAC, served PAC, which was service on Select AirCargo, and proceeded to obtain a default against PAC.  Notice to PAC, a fictitious business name, is all that California law requires for notice to Select AirCargo to be valid.[28]

---

[25] *Id.* at 1348-49.

[26] *Id.* at 1349.

[27] *Id.*

[28] The Court is further convinced that service was appropriate as Select AirCargo filed its proof of claim under the creditor name "PAC," submitting to the equitable jurisdiction of the Court.  In equity, Select AirCargo submitted to the equitable jurisdiction of this Court under the name of PAC, asserting it was one and the same company and indicating that service on PAC was in fact service on Select AirCargo. *See In re Nortel Networks Corp.*, 426 B.R. 84, 91 (Bankr. D. Del. 2010) ("[T]he Claimants have submitted to this Court's jurisdiction by filing proofs of claim against the Debtors, including NNI and NN CALA, and the subject of the U.K. Pension Claim is the very subject of the U.K. Proceedings.") *See also Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 112 L. Ed. 2d 343 (1990) (filing a claim against a bankruptcy estate subjects the claimant to the bankruptcy court's equitable jurisdiction."); *EXDS, Inc. v. RK Elec., Inc. (In re EXDS, Inc.)*, 301 B.R. 436, 439 (Bankr. D. Del. 2003) ("[A] creditor who files a claim against the bankrupt and then is sued by the trustee in an avoidance action becomes subject to the equity jurisdiction of the

**B.      Cause Does Not Exist To Set Aside The Default And Default Judgment.**

Federal Rules of Civil Procedure 55(c)[29] and 60(b)[30] set forth the legal standards for setting aside default and default judgment.  The Third Circuit has advised that it "does not favor entry of defaults or default judgments. . . .  [The Third Circuit requires] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"[31]  The Third Circuit has set forth the following factors when determining whether to set aside the entry of default and default judgment:

> We require the . . . court to consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct.[32]

---

bankruptcy court where there is no right to a jury trial." (*citing Langenkamp v. Culp*, 498 U.S. 42, 44-45, 111 S. Ct. 330, 112 L. Ed. 2d 343 (1990)).

[29] Fed.R.Civ.P. 55(c) (made applicable to this adversary proceeding by Fed.R.Bankr.P. 7055(c)) provides:

> (c) Setting Aside a Default or a Default Judgment.  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

[30] Fed.R.Civ.P. 60(b) (made applicable to this adversary proceeding by Fed.R.Bankr.P. 9024) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . .

[31] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-195 (3d Cir. Pa. 1984) (citations omitted).

[32] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted).

*1. Prejudice to the Plaintiff*

Select AirCargo asserts that the Plaintiff will suffer no prejudice besides having to litigate the merits of its claim.  The Plaintiff responds the passage of time since the transferred detailed in the complaint and the actual complaint would prejudice the Plaintiff's right to complete discovery, arguing that there is little certainty that adequate records have been maintained and that relevant witnesses will be found available to allow for meaningful discovery.  Furthermore, the Plaintiff has spent both time and money in reliance on the judgment, including instituting the California action. Select AirCargo's replies that Plaintiff's conjectures regarding delay are not enough to show prejudice.

> [T]he Third Circuit stated that the cost of enforcing a judgment later vacated and the delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment.  In order to show prejudice their [sic] must be a loss of evidence, the increased potential for collusion or a substantial reliance on the judgment. The loss of an advantageous position cannot be used to establish prejudice. . . . Courts have noted that the unavailability of witnesses or other impediments to discovery might be sufficient to show prejudice.[33]

Here, the Plaintiff has not shown that he would be materially prejudiced if the default judgment is vacated.[34]  The Plaintiff refers to the time and money spent perfecting and pursuing the default judgment and has only alluded to a potential impediment to

---

[33]  *Peltz v. Com Servs. (In re USN Communs., Inc.)*, 288 B.R. 391, 396 (Bankr. D. Del. 2003) (citations and quotations omitted); *see also Sourcecorp Inc. v. Croney*, Nos. 10-1151 and 1-3440, 2011 U.S. App. LEXIS 1047, *11 (3d Cir. Jan. 19, 2011) (citations omitted) (holding that the "costs associated with continued litigation normally cannot constitute prejudice.").

[34]  *USN Communs.*, 288 B.R. at 396.

discovery.    The Plaintiff has not demonstrated sufficient prejudice if the default judgment is vacated.

### 2. *Meritorious Defense*

The showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action."[35]  "Default judgments cannot be set aside simply because of a lawyer's artistry in offering ambiguous conclusions."[36]

Select AirCargo asserts that it has an ordinary course of business defense, pursuant to §547(c)(2), to the allegations in the complaint.  Select AirCargo continues that there was no indication that the debtor was insolvent and that Select AirCargo (or PAC) used any unusual collection activities in order to obtain the payments.  The Plaintiff responds that Select AirCargo does not provide any factual support or do more than assert "conclusory language" regarding the alleged defense.

Select AirCargo states that throughout their business relationship the payments issued on dated ranging from 14 to 56 days from the date(s) of the underlying invoices.  Select AirCargo, in the Leung Declaration, provides the date, amount and

---

[35]  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (*citing Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951) and *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *USN Communs.*, 288 B.R. at 395 ("The Third Circuit has determined that the second factor, whether the defendant has a meritorious defense, is the threshold question for this analysis.  A meritorious defense is the critical issue because without a meritorious defense defendant could not win at trial and there would be no point in setting aside the default judgment if defendant could not demonstrate the possibility of his winning.  In order to show that a meritorious defense exists, a defendant must allege specific facts that, if established at trial, would constitute a complete defense.  A meritorious defense cannot be shown by conclusionary language or verbatim excerptions of the statutory language." (citations and quotations omitted)).

[36]  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 196 (3d Cir. 1984).

number of invoices included in each payment yet provides no information regarding the historical dealings between the parties or the industry customs.  In fact, much of the same information is included in Exhibit A to the Complaint. Select AirCargo's allegations do not provide factual support for the Court to assess its defense to the adversary proceeding.  The Court finds that Select AirCargo's statements do not rise to the level of specificity required to vacate a default judgment.[37]  The defense does not contain any factual support and are merely conclusory statements.

### 3.  Culpable Conduct

Lastly, Select AirCargo claims that it did not participate in any culpable conduct because Select AirCargo did not have any actual or constructive notice of the complaint, as pleadings in the adversary proceeding were confused with documents from the underlying bankruptcy case.  Select AirCargo argues that because it assigned its claim, it had no reason to monitor the correspondence received and this conduct was nothing more than an "honest mistake."  The Plaintiff responded that Select AirCargo indeed had notice of the bankruptcy, filed a proof of claim, and then assigned its claim.  Furthermore, Select AirCargo was served with the complaint and with notice of the entries of default and default judgment.  The Plaintiff believes Select AirCargo's willful ignorance shows a reckless disregard for repeated communication from the Plaintiff.

---

[37] *USN Communs.,* 288 B.R. at 395-96.

"[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant."[38]  The Third Circuit requires conduct that is beyond "mere negligence."[39]  "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard."[40]  For example, the Third Circuit affirmed the District Court on the following facts:

> Starlight does not dispute that it received all key correspondence in this case.  It did not reply to Nationwide's May 2004 letter. It also did not, as the District Court found, "answer, appear, or plead in response to the July 20, 2004 summons and complaint; the August 11, 2004 motion for default; the August 12, 2004 entry of default; or the September 16, 2004 motion for default judgment. At no time during this entire proceeding did [Starlight] contact either [the District] Court or Nationwide." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 2004 U.S. Dist. LEXIS 23297, No. 04-3393, mem. op. at 6-7 (E.D. Pa. Nov. 16, 2004). Instead, Starlight simply gave all the paperwork to its insurance broker. This is the kind of reckless disregard for repeated communications regarding a suit that establishes a defendant's culpability.[41]

In the case at hand, Select AirCargo is similarly culpable.  Select AirCargo does not dispute receiving pleadings, but states that they did not review the pleadings it received

---

[38] *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. Pa. 1984) (citations omitted).

[39] *Id.* at 1183.

[40] *Id.* at 1183.  The Third Circuit has found a lack of culpability in several cases.  *See, e.g.*, *EMCASCO Inc. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987) (holding no culpability where where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required); *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 421 (3d Cir. 1987) (holding no culpability where two lawyers, one in Miami and one in St. Croix, miscommunicated and one was distracted by personal legal problems); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983) (holding no culpability where lawyers in two different firms failed to communicate, partly due to one lawyer's vacation); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 246 (3d Cir. 1951) (holding no gross neglect where the defendant, a Wisconsin corporation, did not receive notice of the suit because it had failed to update the address of its Pennsylvania registered office).

[41] *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 523 (3d Cir. 2006).

related to the bankruptcy.  The fact that PAC/Select AirCargo assigned its claim prior to the complaint being served does not excuse Select AirCargo from reviewing legal pleadings, and reflects a reckless disregard for repeated communications from the Plaintiff and the Court (including pleadings that specifically name PAC in the caption of the document as a complaint and notice of default do).[42]

## CONCLUSION

Select AirCargo's motion is denied for the following reasons: (i) Select AirCargo was properly served via its registered fictitious name, (ii) Select AirCargo has not alleged sufficient facts, if proven at trial, of a meritorious defense, and (iii) Select AirCargo was culpable in receiving, yet ignoring, numerous pleadings it received from the Plaintiff and orders from the Court.

An order will be issued.

---

[42] *See* D.I. 1, 3, 9, 10, 12 and 13